Bruce **HOWE**, **Representative of the Estate of Fred L. Charon, Plaintiff,**

v.

**Charles HULL, M.D., et al., Defendants.**

**No. 3:92CV7658.**

United States District Court, N.D. Ohio, Western Division.

May 26, 1994.

See also 874 F.Supp. 779.

### MEMORANDUM AND ORDER

JOHN W. POTTER, Senior District Judge.

This cause is before the Court on defendant Memorial Hospital's and defendant Hull's motions to strike, plaintiff's opposition, and defendants' replies. The history of this case is involved and related at length in other orders of this Court. Suffice it to say that defendants have moved to strike evidence plaintiff has put before the Court in support of plaintiff's opposition to defendants' motions for summary judgment.

The controverted evidence is the entire affidavit of Dr. Lynn and, in particular, paragraphs 4, 7, and 8; the administrative complaint of Fred Charon; a Justice Department press release; and portions of plaintiff's expert witnesses' deposition testimony. For the purposes of this order, the Court will only address the admissibility of evidence considered by the Court in its summary judgment order. As the Court considered neither plaintiff's administrative complaint nor the press release, defendants motion with respect to those items will be denied as moot.

■ Defendant Memorial Hospital at the outset asks this Court to strike the entire affidavit of Dr. Lynn because plaintiff did not identify Lynn as a witness in response to a pertinent interrogatory by defendant. Plaintiff also did not seasonably supplement his response to the interrogatory with Lynn's name, in violation of Fed.R.Civ.P. 26(e)(2).

It is well within the power of this Court to strike the Lynn affidavit in its entirety and to prohibit plaintiff from calling Lynn as a witness at trial. Plaintiff's explanation, that this Court's trial order only requires the parties to exchange witness lists on May 24, ignores the duty to seasonably update interrogatory responses.

It would appear, however, that striking the affidavit and/or prohibiting Lynn from testifying at trial would be a punishment that does not fit the modest nature of this infraction. Lynn's testimony and statement are important to plaintiff's case, and there appears to be no real prejudice to the defendants. The affidavit will not be stricken for failure to comply with Fed.R.Civ.P. 26(e)(2). The Court must consequently consider the admissibility of the Lynn affidavit.

■ Defendant Hull has moved to strike paragraphs 4, 7 and 8 as inadmissible hearsay, while defendant Memorial Hospital has moved merely to strike paragraph 8 as inadmissible hearsay. The Court notes at the outset that only paragraph 7 was relied upon by the Court as evidence in its summary judgment order. Therefore, any controversy over paragraphs 4 and 8 are, for the time being, moot. The issue, then, is the admissibility of paragraph 7. Paragraph 7 reads: "At no point did Dr. Reardon ever mention toxic epidermal necrolysis ("TEN"), sloughing of the skin, or the possibility that Mr. Charon might have TEN or any other skin disease." Lynn affidavit, para. 7.

Hearsay is defined as "a statement, other than one made by the declarant testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. Evid.R. 801(c). Defendant Hull argues that paragraph 7 is the inadmissible hearsay statement of Dr. Reardon. The Court, however, is at a loss as to where in paragraph 7 Dr. Lynn is relating any statement made by Dr. Reardon.

 While silence can be assertive conduct in limited situations, the failure to say something is simply not a statement for the purposes of Rule 801. Conduct is considered to be a statement for the purposes of Rule 801 only when the actor subjectively intends the conduct to be an assertion. *See United States v. Singer*, 687 F.2d 1135, 1147 (8th Cir.1983). Defendant's motion to strike paragraph 7 as inadmissible hearsay is not well taken.

Defendant Memorial Hospital next moves this Court to strike portions of plaintiffs' experts' (Dr. Calabrese and Dr. Waxman) testimony because the experts opined as to the veracity and credibility of Dr. Reardon's and Dr. Hull's deposition testimony. There is no doubt that an expert may not testify that another witness is not credible or not telling the truth. *See United States v. Ramirez*, 871 F.2d 582, 585 (6th Cir.1989). It is equally true that an expert's testimony, by its very content, can cast doubt on or make less believable the testimony of another witness.

There are portions of the controverted testimony where the experts speak directly to the veracity of Dr. Reardon and Dr. Hull. These statements are inadmissible and were not considered by the Court in its summary judgment order. There are also portions of the same evidence where the experts' testimony, without speaking directly to Reardon's or Hull's credibility, merely made the testimony of Dr. Reardon and Dr. Hull less believable. These statements are properly admissible and where considered by the Court. While the Court may not make credibility determinations on summary judgment, issues of credibility may create issues of material fact that are properly preserved for the jury. The Court will not at this juncture dissect piecemeal the contested depositions; therefore, defendant's motion in this regard is moot. The Court will, however, on a issue by issue basis, revisit this issue as necessary at trial.

THEREFORE, for the foregoing reasons, good cause appearing, it is

ORDERED that defendant Memorial Hospital's motion to strike the Lynn affidavit in its entirety be, and hereby is, DENIED; and it is

FURTHER ORDERED that defendant Hull's motion to strike paragraph of the Lynn affidavit be, and hereby is, DENIED; and it is

FURTHER ORDERED that defendant Memorial Hospital's and defendant Hull's motions to strike plaintiff's Exhibit D, Exhibit E, and paragraphs 4 and 8 of the Lynn affidavit be, and hereby are, DENIED AS MOOT; and it is

FURTHER ORDERED that defendant Memorial Hospital's motion to strike the deposition testimony of Dr. Calabrese and Dr. Waxman be, and hereby is, DENIED AS MOOT.